IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

## 05-10750 RWZ

DEBORAH KELLY,

 Plaintiff,

MAGISTRATE JUDGE Alexander    Case No:

v.

PAUL DONNELLY,
MICHAEL BYERS,
SGT. KEITH JACKSON,
OFFICER JOHN DOE, in
their individual and
official capacities, and
THE TOWN OF ROCKLAND,
MASSACHUSETTS,

 Defendants.

RECEIPT # 63550
AMOUNT $ ___
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 4-14-05

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**JURISDICTION**

1. This action is brought pursuant to 42 USC Sections 1983, 1988 and the Fourth and Fourteenth Amendments. Jurisdiction is based upon 28 USC Section 1331 and 1343(1), (3), (4) and the aforementioned statutory and constitutional provisions.

2. The plaintiffs invoke the pendent jurisdiction of this Court and its supplemental jurisdiction under 28 USC Section 1367 to consider claims arising under state law.

**PARTIES**

3. Plaintiff-Deborah Kelly is, or was at all times pertinent, a resident of Rockland, Massachusetts.

4. Defendants-Donnelly, Byers, Jackson, and John Doe, were all police officers employed by the Rockland Police Department,

Rockland, Massachusetts, acting under color of state law. They are all being sued in both their individual and official capacities.

5. Defendant-Town of Rockland is a municipality within the Commonwealth of Massachusetts.

## GENERAL ALLEGATIONS

6. On or about April 21, 2002, Rockland police were called to the home of Mr. Louis Rubbo of 43 Wilson Street in Rockland.

7. Police had been to Mr. Rubbo's home on many occasions during the preceding nine months. The reason for the police visits was a property dispute between Mr. Rubbo and Mr. George Stoddard of 51 Wilson Street.

8. Plaintiff-Kelly was residing with Mr. Stoddard at the time.

9. After Rockland police arrived at the scene, Mr. Rubbo indicated that he was having Ms. Kelly's pickup truck towed from what Rubbo claimed to be "his" driveway.

10. Kelly was told by the defendant-officers to move her truck.

11. Ms. Kelly drove her truck to the front of Mr. Stoddard's porch.

12. Donnelly, who claims that Kelly drove at him in an assaultive fashion, thereupon smashed Kelly's window with his metal baton.

13. Kelly, frightened by Donnelly's use of force, ran into Stoddard's home to avoid further assault and danger.

14. At least four Rockland police officers, Donnelly, Byers, Jackson, and Somers, followed Kelly into her home.

15. Donnelly, Byers, and Jackson threw Kelly to the ground, used

excessive force in restraining her, and inflicted wanton and negligent injury upon Ms. Kelly.

16. The officers used far more force than was necessary to effect the plaintiff's arrest.

17. After Kelly was arrested, the officers continued to use far more force than was necessary under all of the attendant circumstances.

18. At one point, the officers lifted Kelly up off the ground after her shirt had been pushed or pulled above her breasts.

19. When the defendants lifted Kelly up off they ground, they exposed her breasts, to which one officer responded, ``Whooo.''

20. Kelly asked that her shift be pulled down, but the officers refused to do so.

21. The injuries inflicted by the officers include, but are not limited to, head, face, knee injuries, embarrassment, humiliation, and emotional distress.

22. Kelly was arrested and charged with several offenses.

COUNT I:
USE OF EXCESSIVE FORCE
IN VIOLATION OF FOURTH AMENDMENT
AGAINST ALL DEFENDANT-OFFICERS

23. The plaintiff incorporates by reference all of the preceding paragraphs of this complaint and states further as follows.

24. There was no excuse or justification for the high level of force that the defendant-officers used to restrain and arrest Plaintiff-Kelly. Such a high level of force was not necessary.

25. There was no excuse or justification for the high level of force that the defendant-officers continued to use after Plaintiff-Kelly was under arrest. Such a high level of force was not necessary.

26. There was no excuse or justification for exposing the plaintiff's breasts and then refusing to move her shirt down on her body.

27. The acts of the defendants constituted the use of objectively excessive and unreasonable force under all the circumstances of the plaintiff's arrest.

28. At the time of the events described, it was clearly established law that the use of excessive force violated clearly-established constitutional rights.

29. As the direct and proximate result of the officer's actions, the plaintiff suffered painful injuries to her head, face, and knees.

30. As the direct and proximate result of the officer's actions, the plaintiff suffered severe emotional distress, including but not limited to anxiety, sleeplessness, anger, and outrage.

COUNT II:
NGELIGENCE UNDER STATE LAW
AGAINST ALL DEFENDANT-OFFICERS

31. The plaintiff incorporates by reference all of the preceding paragraphs of this complaint and states further as follows.

32. The plaintiffs had a duty to refrain from inflicting unnecessary injuries upon the plaintiff.

33. The plaintiffs breached that duty by using an excessive and negligent level of force in their arrest and post-arrest conduct toward Plaintiff-Kelly.

34. The plaintiff suffered injuries as the result of that use of excessive and negligent force.

35. As the direct and proximate result of the officers' actions, the plaintiff suffered painful injuries to her head, face, and knees.

36. As the direct and proximate result of the officers' actions, the plaintiff suffered severe emotional distress, including but not limited to anxiety, sleeplessness, anger, and outrage.

COUNT III:
NEGLIGENT SUPERIVISION AND
SECTION 1983 FAILURE TO INTERVENE
BY DEFENDANT-JACKSON

37. Sergeant Jackson had an opportunity and an obligation as the senior officer on the scene to stop or to ameliorate the physical attack upon Deborah Kelly by Byers and Donnelly.

38. Jackson had a duty as the senior office to insure that junior officers did not use more force against Kelly than was reasonable and necessary.

39. Jackson negligently failed to control the junior officers.

40. As the result of Jackson's inaction, Kelly's injuries were greater than they might otherwise have been.

41. Jackson was deliberately indifferent to the excessive use of force against Kelly by junior officers who he had the authority and the obligation to control.

42. At the time of the events described, it was clearly established law that a senior officer had the obligation to

stop or ameliorate the excessive force by other officers he had the authority to control.

43. As the direct and proximate result of Defendant-Jackson's action and inaction, the plaintiff suffered painful injuries.

44. As the direct and proximate result of Defendant-Jackson's action and inaction, the plaintiff suffered severe emotional distress, including but not limited to anxiety, sleeplessness, anger, and outrage.

### COUNT IV:
### MONELL LIABILITY BY
### THE TOWN OF ROCKLAND, MASS.

45. The plaintiff incorporates by reference the preceding paragraphs of the Complaint and states further as follows.

46. The Town's failure to adequately train its officers in the use force is readily apparent on the facts of this case.

47. The Town was deliberately indifferent to the constitutional rights of its citizens to be free from the unreasonable use of force when it failed to adequately train its officers.

48. Prior to the incident involving the plaintiffs, the Town was aware of previous incidents involving the defendants in which the defendants had used excessive force on other citizens. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

49. The Defendant-Town tacitly authorized the defendants' conduct, without which their assaultive conduct against the plaintiff would not have occurred.

50. The Town is vested by state law with the authority to make policy for the Police Department on the use of force. The Town was aware of a pattern of using excessive force by police officers and was aware of inadequate training of its police officers. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

51. It was obvious that failing to correct this pattern of excessive force and unlawful entries would lead to violations of citizens' constitutional rights. The failure of the Town to take remedial action resulted in the denial of the plaintiff's civil rights by police officers. The allegations of this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

52. Through the actions and inactions of the Town, the Town adopted a policy, practice, or custom of permitting and tolerating constitutional violations by its police officers.

53. As a direct and proximate result of the actions of the Town, the plaintiff suffered physical and economic damages.

### DEMAND FOR TRIAL BY JURY

54. The plaintiff demands a trial by jury.

### RELIEF REQUESTED

WHEREFORE, the plaintiff requests that the finder of fact award:

1) Compensatory, economic damages;
2) Damages for emotional distress;

3) Punitive damages;

4) Pre-judgment interest;

5) Attorneys fees and costs; and

6) Such other relief as is just and equitable under the circumstances.

Respectfully Submitted,

Daniel S. Sharp
Attorney for Plaintiff
(BBO 565524)
48 Locust Street
Marblehead, MA  01945
781-639-1862

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Deborah Kelly v. Paul Donnelly__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [XXX] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   (stamp: 05-10750 RWZ)

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [XXX]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [XXX]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [XXX]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [XXX]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [XXX]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Daniel S. Sharp__
ADDRESS __48 Locust Street, Marblehead, MA 01945__
TELEPHONE NO. __781-639-1862__

(CategoryForm.wpd - 2/15/05)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Deborah Kelly

**DEFENDANTS** Paul Donnelly, Michael Byers, Sgt. Keith Jackson, Officer John Doe, and the Town of Rockland, Massachusetts.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Plymouth
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daniel S. Sharp   781-639-1862
48 Locust Street
Marblehead, MA 01945

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Fourth and 14th Amendments. 42 USC Section 1983. Pendent state claims. Plaintiff was beaten by police during arrest. Excessive force.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): NONE   JUDGE_____   DOCKET NUMBER_____

DATE_____   SIGNATURE OF ATTORNEY OF RECORD_____

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____