IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DEBORAH KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 05-10750-RWZ |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL DONNELLY, | ) | |
| MICHAEL BYERS, | ) | |
| SGT. KEITH JACKSON, | ) | |
| OFFICER JOHN DOE, in | ) | |
| their individual and | ) | |
| official capacities, and | ) | |
| THE TOWN OF ROCKLAND, | ) | |
| MASSACHUSETTS, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFF'S REPONSE AND COUNTER-STATEMENTS
TO DEFENDANTS' STATEMENT OF
<u>UNDISPUTED FACTS</u>

The plaintiff responds to the defendants' statement of undisputed facts as follows:

1. Agreed.

2. Agreed.

3. Agreed.

4. Agreed.

5. Agreed. (Not agreed that the location where Kelly was parked belonged to Rubbo.)

6. Agreed.

7. Agreed.

8. Agreed.

9. Agreed.

10. Agreed.

11. Admitted. (But note that the time of arrival was merely Stoddards' "best guess." Exhibit A; pg. 35.)

12. Agreed.

13. Agreed.

14. Agreed.

15. Agreed that Kelly got into her truck. Agreed that she drove onto Stoddard's front lawn. Denied that she "backed up the truck from the driveway onto the lawn in front of Stoddard's house." (See, Plaintiff's further facts, paragraph ***, infra.)

16. Agreed.

17. Agreed.

18. Agreed that Donnelly smashed out her driver's side window with his baton. Denied that Stoddard (Exhibit A) or Somers (Exhibit C) know why Donnelly smashed the window.

19. Agreed.

20. Agreed.

21. Agreed.

22. Denied. The statement is a mischaracterization of the testimony. Kelly said that she remembers the officers "puting me on the ground, and banging my head on the floor…" as in an intentional act. (Exhibit B, pg. 34, ll 2-3.)

23. Agreed.

24. Denied. It appears that at least one breast was exposed or up over her shirt was she

was still on the ground. (Exhibit A, pg. 35.) ("make sure (sic) (my shirt?) it was pulled up over my breast… "George, pull my shirt down, pull my shirt down.) (Exhbit 4, Trial Transcript (TT"), pg. 286.)

25. Agreed.

26. Agreed. (They just slammed her head and pushed her head on the floor. (Exhibit 4, TT 286, 304.)

27. Agreed that Officer Somers struck George Stoddard in the face. (Exhibit 4, TT, Stoddard, pg. 236.)

28. Denied for several reasons. First, only the trial court can determine whether to grant the defendants' claim for the use of offensive collateral estoppel against Kelly. Second, Kelly did not resist when the officers first came in the door to arrest her. (Exhibit 4, TT, pg. 304.) Third, the defendants say that while Kelly was *on the ground*, she was "kicking her feet and clutching her arms in front of her to avoid being handcuffed." (Statement of Facts, pg. 5, fn.2.) That might constitute the "resisting" for which Kelly was convicted. No one knows because there was no special interrogatory on *when* or *how* Kelly resisted. (Exhibit 1; Sharp Affidavit.) If Kelly resisted only while she was on the floor, then there was excessive force in throwing her to the floor and slamming her head on the floor at a point when she was not offering any resistance (Exhibit 4; TT. pg. 304) and in later tightening the handcuffs in such a way as to cut off her circulation without any relief after lodging a complaint about the cuffs.

29. Agreed.

30. Agreed.

31. Denied. (See, Complaint and para. 46.) ("The Town's failure to adequately train its officers in the use force is readily apparent on the facts of this case.")

PLAINTIFF'S ADDITIONAL FACTS

32.    When the defendant-officers arrived, they were already, in the words of Officer Somers, "Tired of your [Stoddard's] fuckin shit." (Exhibit 2; Somers Deposition Testimony ("DT"), pp. 36, 38.)

33.    Officer Somers was the second officer inside the Stoddard household. He went directly toward Stoddard and struck him in the face.[1]  The other officers devoted their attention to Ms. Kelly. (Exhibit 2; Somers DT, pp. 21-22.)

34.    Before her truck moved, Kelly had refused to move her vehicle.  The police told Kelly that she was under arrest. (Exhibit 4; Trial Transcript, 1/27/2003 ("TT"), Stoddard, pg. 228, 252.)

35.    As her truck was about to move, an officer came up to the vehicle and said, "Get out of the truck.  You're under arrest." (Exhibit 4, TT, Stoddard, pg. 229, 253.)  Kelly did not get out of her truck.  She started to back it up. (Id.)

36.    After she backed up, Kelly was again told, "Get out of the truck." (Exhibit 4, TT, pg. 230).  She did not do so.

37.    Kelly then drove onto Stoddard's lawn and was told to get out of the truck and that she was under arrest. (Defendants' Statement, para. 16; Exhibit 4, TT, Stoddard, pp. 228-231, 256; Exhibit 5; Officer Donnelly's report, pg. 2.)  Kelly did not exit the truck. (Defendants' Statement, para. 17; Exhibit C, pg. 19.)        38.    Officer Donnelly then smashed Kelly's driver-side window. (Defendants' Statement, para. 18; Exhibit C, pp. 19-20.)  Donnelly's smashing of the window sprayed glass all over Kelly. (Exhibit 4, TT, Kelly, pg. 283).

---

[1] The Town paid money to Stoddard in settlement of his Section 1983 claim.

Kelly then exited her truck through the passenger-side door and ran into Mr. Stoddard's house. (Defendants' para. 18; Exhibit 4, TT. Stoddard, pg. 236.)

39.  Kelly got into her truck. She backed up slightly, then pulled forward onto Stoddard's front lawn. (Exhibit 4; TT, Stoddard, pp. 228-231; Exhibit 5, Officer Donnelly's report, pg. 2.)

40.  The radio on Kelly's truck automatically turned on when she turned on the ignition. (Exhibit A; Stoddard, pg. 41.)

41.  Kelly was not offering any resistance when the police came through the door of Stoddard's house. (Exhibit 4; TT, pg. 284-285; 304.)

42.  At a time when Kelly was offering no resistance, the defendant-officers threw Kelly to the floor and repeatedly slammed or pushed her head into the floor. (Exhibit B, pg. 34, ll 2-3) (Exhibit 4; TT, pg. 284-285; 304.) (Exhibit 4; TT, Stoddard, pg. 238.) ("I had seen her head go up and down a couple times.")

43.  Kelly suffered injuries to her knees (which might be permanent), her eyes (which were blackened for weeks), and her wrist. (See, Exhibit 6; Affidavit of Deborah Kelly.)

44.  Kelly was convicted of resisting arrest, but there were no special interrogatories stating when or how she did so. (Exhibit 1; Affidavit of Daniel S. Sharp.)

                                    Respectfully Submitted,

                                    _____/s/ Daniel S. Sharp_____
                                    Daniel S. Sharp (BBO 565524)
                                    Attorney for Plaintiff
                                    48 Locust Street
                                    Marblehead, MA  01945
                                    781-639-1862

CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF or by first class mail, postage paid, and properly addressed on all counsel of record and upon all parties appearing *pro se* on February 14, 2006.

                                        ___/s/ Daniel S. Sharp_____