IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH KELLY, | ) | |
| Plaintiff, | ) | Case No: 05-10750-GAO |
| v. | ) | |
| PAUL DONNELLY, MICHAEL BYERS, SGT. KEITH JACKSON, OFFICER JOHN DOE, in their individual and official capacities, and THE TOWN OF ROCKLAND, MASSACHUSETTS, | ) | |
| Defendants. | ) | |

JOINT PRE-TRIAL MEMO

Pursuant to Local Rule 16.5(d), the parties, through their counsel, submit the following as their Pretrial Memorandum.

1. Concise Statement of the Evidence

   (a) By the Plaintiff

The Plaintiff expects the evidence to show that there had been a long-standing property dispute between Louis Rubbo and George Stoddard. The police were called on many occasions.

During a period when the Plaintiff was staying with Stoddard, Rubbo blocked her parking space, so she parked where Rubbo would normally park. (Stoddard and Kelly both believe, based upon official documents, that "Rubbo's driveway" is actually property belonging to Stoddard.)

Rubbo called a tow-truck after he flattened three of Kelly's tires so her truck could not be moved. The police arrived. They were irritated by the continuing feud and had pretty much decided that an arrest would be made.

The police told Kelly to move her truck despite the flat tires. After some hesitation, Kelly obeyed and drove her truck onto Stoddard's front yard. One officer then approached the truck, ordered Kelly out of the truck, and smashed her driver's side window with a baton after Kelly failed to immediately exit the truck.

Kelly, in great fear, ran into Stoddard's house. The police followed, kicked in the door, threw Kelly to the ground, and beat her head against the floor of the house. Kelly did not resist at any time. The defendant-officers continued to use excessive force against Kelly. They grabbed her off the floor by the handcuffs in a manner calculated to cause pain. They tightly clasped the handcuffs in order to cause pain, and refused to loosen the handcuffs when Kelly told them of her pain.

During the arrest, the officers also picked Kelly up off of the floor in a manner that exposed her breasts. One of the officers responded, "Whoo," as is clearly depicted on an audio-tape of the arrest.

(b)     By the Defendants

The Defendants submit that the evidence will establish that the individual Defendants, all employed as police officers by the Town of Rockland, acted reasonably at all times during their arrest of the Plaintiff on April 21, 2002. On that day, the defendant officers were called to intervene in a neighborhood dispute involving the Plaintiff and her companion, George Stoddard, with a neighbor, Louis Rubbo. The dispute arose after the Plaintiff parked her truck in the portion of the driveway adjacent to Rubbo's house claimed by Rubbo as his property. The officers informed the Plaintiff that the vehicle would be towed if she did not move it.

Eventually, the Plaintiff entered her truck and moved it backward in a reckless manner, striking one of the police officers. The officers advised the Plaintiff that she was under arrest and ordered her to get out of the truck. When the Plaintiff failed to comply, one of the officers broke the driver's side window so that he could unlock the door and apprehend the Plaintiff. The Plaintiff then exited the car from the passenger door and ran into Stoddard's house, closing the door behind her. The Defendant officers pursued the plaintiff, opened the door, and entered the house. The Defendant officers then placed the plaintiff under arrest and handcuffed her. The Plaintiff resisted and refused to cooperate with the officers while she was being placed in handcuffs, and the officers applied only that force necessary to safely accomplish the arrest. Subsequently, the Plaintiff was convicted after a jury trial in Hingham District Court of resisting arrest and trespassing.

2.   <u>Facts Established By Pleadings Or Stipulations</u>

The parties stipulate that, at all times pertinent to the claims in this case, the Defendants were engaged in state action.

The Plaintiff submits that no other facts have been agreed upon or stipulated.

The Defendants submit that those facts set forth in the Defendants' Statement of Undisputed Facts in Support of their Motion for Summary Judgment which have not been denied by the Plaintiff may be considered as admissions.

3.   <u>Contested Issues of Fact</u>

The Plaintiff submits that every significant issue of fact is in contest, except for the Defendants' status as state actors.

The Defendants deny that the Plaintiff suffered any injury as a result of their actions, and deny that there is any evidence of any custom or policy of the Town of Rockland constituting

"deliberate indifference" to its citizens' constitutional rights. Otherwise, the Defendants submit that there are no genuine issues as to any material fact, and that the Defendants are entitled to judgment as a matter of law.

4. <u>Jurisdictional Questions</u>

There are no jurisdictional issues.

5. <u>Any Questions Raised By Pending Motions</u>

The defendants have filed a Motion for Summary Judgment on the grounds that (1) the individual officers are protected from § 1983 liability under the doctrine of qualified immunity; and (2) the Town of Rockland is not liable under the doctrine of <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978), because there is no evidence that the municipality was deliberately indifferent to the plaintiff's constitutional rights. The plaintiff has filed an opposition to the motion. The court has not ruled on the motion.

6. <u>Issues of Law</u>
   a. Whether the defendants are entitled to qualified immunity?
   b. Whether the use of force by the defendant officers was reasonable?
   c. Whether, based upon her conviction in District Court, Kelly is estopped from claiming that she was not resisting arrest?
   d. Whether the plaintiff's Fourth Amendment rights were clearly established?
   e. Whether a reasonable officer in the position of the defendants would have understood the alleged conduct to contravene a constitutional right?

7. <u>Requested Amendments to the Pleadings</u>
   None.

8.     <u>Additional Matters To Aid In Disposition</u>

    None.

9.     <u>Probable Length Of Trial</u>

    The parties estimate 3 - 4 days, at 9:00AM to 1:00PM.

10.     <u>Witnesses</u>

    (a)     <u>By Plaintiff:</u>

    * Plaintiff-Deborah Kelly;

    * George Stoddard

    * Authentication witnesses, including but not limited to:

        * Representative of
        Sensimetrics Corporation
        48 Grove Stree
        Somerville, MA  02144

    * Richard Somers, Rockland PD

    * All of the defendant-officers

    * any witness identified by defendants but not called

    * rebuttal witnesses

    (b)     <u>By the Defendants:</u>

    1.     Paul Donnelly, Rockland Police Department, 359 Market Street, Rockland, MA (781) 871-3890

    2.     Michael Byers, Rockland Police Department, 359 Market Street, Rockland, MA (781) 871-3890

    3.     Keith Jackson, Rockland Police Department, 359 Market Street, Rockland, MA (781) 871-3890

       4.       Somers, Rockland Police Department, 359 Market Street, Rockland, MA (781) 871-3890

       5.       Kevin M. Donovan, Rockland Police Department, 359 Market Street, Rockland, MA (781) 871-3890

       6.       George Stoddard, 51 Wilson Street, Rockland, MA (last known address)

       7.       The Plaintiff, Deborah Kelly, 51 Wilson Street, Rockland, MA (last known address)

       8.       Louis Rubbo, Wilson Street, Rockland, MA (last known address)

11.    <u>The Proposed Exhibits</u>

    (a)    <u>By the Plaintiff</u>

       1.       Numerous photographs of the scene of the events

       2.       Photographs of black pick-up truck with broken window, flat tires

       3.       Photograph of plaintiff's black eyes

       4.       Audiotape of arrest

       5.       Town of Rockland Assessor's Map

       6.       Town of Rockland Property Assessment Record[1]

    (b)    <u>By the Defendants</u>

       1.       The Defendants reserve the right to offer all documents listed by the Plaintiff.

12.    <u>Evidentiary Objections</u>

    (a)    By the Defendants:

---

[1] In exchanging drafts of the Pre-Trial Memo, the defendants did not have an opportunity to object to plaintiff's exhibits 5 and 6. The plaintiff agrees that the defendants may object to those exhibits at the pre-trial conference.

1.      The Defendants object to the admissibility of the audiotape on the grounds that it is not relevant to establish any material fact; that it is more prejudicial than probative; and that the voices recorded cannot be authenticated to any particular Defendant.  Specifically, the Defendants maintain that the audiotape is of poor quality; that the substance of the recorded communications is incomplete and barely discernible; and that the speaker(s) who are supposedly recorded on the audiotape cannot be identified.   Accordingly, the Defendants submit that the risk of misleading and confusing the jury outweighs any probative value of the audiotape.  Further, where the Defendant officers are sued in their individual capacity, the Plaintiff's inability to authenticate the voices on the audiotape as belonging to any particular officer invites the jury to speculate as to identity and is prejudicial to the Defendants.

2.      The Defendants submit that the Plaintiff must be barred from presenting any evidence denying that she was resisting arrest.  As grounds for their position, the Defendants submit that, as a result of the Plaintiff's conviction of resisting arrest after trial in District Court, the Plaintiff is barred from re-litigating the issue under the doctrine of collateral estoppel.  This issue is addressed at length in the Defendants' Motion for Summary Judgment.


                                                        Respectfully Submitted,


                                                        /s Daniel S. Sharp
                                                        Daniel S. Sharp (BBO 565524)
                                                        Attorney for Plaintiff
                                                        48 Locust Street
                                                        Marblehead, MA  01945
                                                        781-639-1862

Respectfully submitted,
The Defendants
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

/s/ Jeffrey M. Sankey_____
Jeffrey M. Sankey, BBO #551062
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE

The undersigned certifies that he/she caused a true copy of the document above to served by ECF on all counsel of record.

/s/ Dan Sharp_____